RECEIVED

JAN 2 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Original
1 thru 66

1  Mr. Jimmie Stephen, #C56483
2  A-1149
   P.O. Box 8101
3  San Luis Obispo, California

6  Court of United States District
7  State of California-Northern

9  CASE # CV-07-6379-JW
10                          (PR)

13  Jimmie Stephen - Belton
          Plaintiff

14                              1.. "2nd Request to Proceed"
15      V                          by "Order" as to "Imminent
16                                 Danger Exception".
                                   28 USC 1915..
17  C. "Hernandez"              2.. "Reconsideration" by "Order" under
18  et al Defendants              "Imminent Danger Exception"
                                   FRCP # 59(E) 60-(B).
19

20      Plaintiff Jimmie Stephen Hereby Request "Order" to
21  Proceed under "Imminent Danger Exception" based upon on-
22  Pattern of "Misconduct" in CV-07-6379-JW and matters ongoing
23  Not Presented in Complaint such as ① Denial of "Serious Medical"
24  with likelihood not Imminent Danger from Willful delay since 5-1-05
25  ongoing ② "PIA" Denial ③ Withholding Legal Documents ④ Confiscation of
26  Appliances & Prior Denial, Confiscation ⑤ Unsafe & Removal 8th & Retaliation..
27  "Ashley J Dilworth" 147. f.3d. 715 (8th 1998) Serious Medical Exception..
    "Hunt J Dental Dept" 865. f.2d. 198 (9th 1989) Serious Dental Needs.
28  Date 1-23-08   True Plaintiff- Pro-P & Do It Self   Jimmie Stephen

                                1

"Table of Contents"
================

Exhibit #1. "Dental, Medical Reports" at Donovan & CMC
Pages #8-28..

Exhibit #2.. "P/A" Denial at CMC..
Pages #29-31..

Exhibit #3.. Witholding of "PLN" from June 2007
at CMC.. as a Pattern until October 2007..
and Prior at Donovan witheld up to 139
Days over 80 Legal Letters..
Further Retaliation Denial "Single Cell" and
Knowledge of Diseases Contageous at CMC..
Page #32-48..

Exhibit #4.. Copy of Property Upon Arrival at 3-27-07
Hot Pot Contiscated Not Released from Vendor..
When 3 allowed.. Exlexation to CMC..
and Prior Confiscation of Appliances at 9-16-03
Upon Arrival also at Donovan Showing Pattern..
against Directions on Deal..
Page #49-58..

Exhibit #5.. Copy of Order from 9th Circuit at 1-11-95
of Plaintiff Vacate & Remond for Serious
Medical Denial Showing Pattern..
Prior Retaliation of 3-28 of murder of "Yang" when he
Plaintiff wrote f.b.i.- inspector General.. as willfully
Assaulted 9-29-06 by Cornelius.. write-up by
Cornelius Refused 301 level 9-18-07.. Refusal to answer
602 Upon "Castillo" 8-15-07 301 level sent.. Retaliatory.. + 7A
Pages #59-66..            2,3,4,5,6,7 + 7A

EXHibit #1

COPY of DENIAL of Right to "Partials" by
DELAY EFF of CMC mi) DonoVon showing
Deliberate Indifference Reckless Disregard. .

"Imminent Danger"
"EX (EDtion) Satisfied".

As Priority 2 ARE to be Implemented within
120 DAYs, this is Denied, Delayed etc. .

8

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. CMC-E    Log No. 07-1748    Category medical

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME JIMMIE STEPHEN    NUMBER C56483    ASSIGNMENT NA    UNIT/ROOM NUMBER A-7/44

A. Describe Problem: I was told my teeth would be "fixed" ect in timely manner around July as "priority II", but this has failed to occur. Based upon "overcrowding" lack of "dentists" ect., for this constitutional violation under court order.. as seen on an "emergency" several weeks ago. In which I appreciate.. now "partials" are priority, he been requesting over "2 years".. "Perez v Tilton" N.D. Cal # C-05-5241

If you need more space, attach one additional sheet.

B. Action Requested: (1) "Teeth" be "repaired" forthwith in a timely professional manner
(2) Damages

Inmate/Parolee Signature: Jimmie Stephen    Date Submitted: 7-23-07

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

JUL 2 6 2007
CMC APPEALS OFFICE

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ · Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

BYPASS

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved:      Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: **JUL 2 6 2007**    Due Date: **SEP 0 7 2007**

☐ See Attached Letter

                        SEP 0 4 2007    SEP 0 5 2007

Signature: _R. Meyers MD HEM_    _Refusy_    Date Completed: SEP 0 5 2007

Warden/Superintendent Signature: _____   CMC APPEALS OFFICE   Date Returned to Inmate: SEP 0 6 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_The Denial of Adequate Tooth Repairs, Portials "Crowns"_
_by Dental of D.O.C. has been Rittless, and Deliberate_
_Disregard for 8th Amendment rights whereas this Chaso_
_been of Suffering for over 18 years since 6-6-89 Upon_
_Arrest and Conviction as No right lower teeth to eat_
_on.. known by Dentists here at CMC_

Signature: _Jame Steffer_    Date Submitted: _9-6-07_

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

☐ See Attached Letter                Date **DEC 0 4 2007**

CDC 602 (12/87)

_10_

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

DEC 0 4 2007

Date:

In re:     Jimmie Stephen, C56483
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

IAB Case No.: 0708017          Local Log No.: CMC-07-01748

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hall, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position he was informed his teeth would be repaired in a timely manner, as he was classified as a Dental Priority Code (DPC) 2; however, alleges this has yet to occur based upon overcrowding and a lack of dental staff. The appellant is requesting for his teeth to be repaired in a timely and professional manner; and, damages.

**II    SECOND LEVEL'S DECISION:** It is the institution's position the appellant was interviewed by a panel of three dentists who determined he was triaged on May 8, 2007. At that time, the appellant was classified as a DPC 2. On June 13, 2007, the appellant was triaged for a new and separate dental issue, which was resolved via treatment on June 19, 2007. According to the appellant's Unit Health Record, he was categorized as a DPC 2, and received dental treatment in a timely manner. The appellant was also advised he would continue to receive treatment as a DPC 2 patient.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** The appellant contends he has not received dental intervention is a timely manner after being categorized as a DPC 2, Interceptive Care, treatment within 120 days of diagnosis and DPC classification. These allegations are refuted, as the appellant has received timely and professional dental intervention as mandated by the Perez vs. Tilton Stipulated Agreement. The appellant was triaged on May 8, 2007, and was categorized as a DPC 2; however, on June 13, 2007, the appellant was triaged for a separate dental issue which was resolved via treatment on June 19, 2007. The appellant is advised the awarding of monetary compensation is beyond the appeals process ,and will not be addressed at the Director's Level of Review (DLR). The California Code of Regulations, Title 15, Section (CCR) 3354 establishes that only qualified medical personnel shall be permitted to diagnose illness and/or other conditions, and prescribe medical treatment for inmates. It is not appropriate to self-diagnose medical problems and expect a physician to implement the appellant's recommendation for a course of medical treatment. In this particular matter, the appellant's contention that he has not received adequate medical care is refuted by the medical records and professional health care staff familiar with the appellant's medical history. After review, there is no compelling evidence that warrants intervention at the DLR, as the appellant is receiving dental intervention within the timelines mandated by the Perez vs. Tilton Stipulated Agreement.

**B. BASIS FOR THE DECISION:**
CCR: 3350, 3354, 3355.1

**C. ORDER:** No changes or modifications are required by the Institution.

If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the Board of Control), Governments Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

ff

JIMMIE STEPHEN, C56483
CASE NO. 0708017
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CMC
        Health Care Manager, CMC
        Appeals Coordinator, CMC
        Medical Appeals Analyst, CMC

12

State of California                                    Department of Corrections and Rehabilitation
California Men's Colony

## MEMORANDUM

| APPEAL RESPONSE LEVEL | : | SECOND LEVEL |
|---|---|---|
| Date | : | Wednesday, August 29, 2007 |
| To | : | STEPHEN, Jimmie |
| CDC# | : | C56483 |
| APPEAL LOG # | : | CMC-E-07-01748 |
| ISSUE APPEALED | : | DENTAL |

INTERVIEW:
You were interviewed by a panel of three dentists on 08/23/07, regarding this appeal.

PROBLEM / DESCRIPTION:
STEPHEN, Jimmie C56483:  In your written appeal signed 07/23/07, you state you would like your teeth fixed in a timely manner and partials made.

RESPONSE:
Your Unit Health Record (UHR) was reviewed and you were interviewed by a panel of three dentists, regarding this appeal.  The panel found that you were seen by triage on 05/08/07 and categorized as a priority #2 patient. At your triage appointment on 05/08/07, you had requested partials and your teeth to be repaired.  On 06/13/07, you were triaged for a new and separate dental issue which was resolved via treatment on 06/19/07. According to your UHR you have been properly categorized as a priority #2 patient and you have been receiving treatment in a timely manner, you will continue to be provided dental care as a priority #2 patient.

APPEAL DECISION: PARTIALLY GRANTED

_____                    _8_|2629/07___
R. Meyers, MD                                         Date
Health Care Manager

/3

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | CMC-E | 1. 07-2884 | Medical |
| 2. | | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Stephen | NUMBER C-86483 | ASSIGNMENT | UNIT/ROOM NUMBER 1149 |
|---|---|---|---|

**A. Describe Problem:**

See attached

If you need more space, attach one additional sheet.

**B. Action Requested:**

See attached

Inmate/Parolee Signature: _____  Date Submitted: _____

**C. INFORMAL LEVEL (Date Received: _____)**

Staff Response:

BYPASS

Staff Signature: _____  Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____  Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

DEC 3
CMC APPEALS OFFICE

CDC Appeal Number:

14

RECEIVED DEC 0 5 2007

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved: _____ Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: DEC - 3 2007  Due Date: JAN 16 2008

☒ See Attached Letter

Signature: R. MEYERS, M.D., HEALTH CARE MANAGER  DEC 1 9 2007  Date Completed: DEC 1 9 2007

Warden/Superintendent Signature: _____ CMC APPEALS OFFICE  Date Returned to Inmate: DEC 2 0 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

15

State of California                                          Department of Corrections and Rehabilitation
California Men's Colony

# MEMORANDUM

| | | |
|---|---|---|
| **APPEAL RESPONSE LEVEL** | : | SECOND LEVEL |
| Date | : | December 14, 2007 |
| To | : | STEPHENS, JIMMIE |
| CDC# | | C56483 |
| APPEAL LOG # | : | CMC-E-07-02884 |
| ISSUE APPEALED | : | DENTAL |

INTERVIEW:

You were interviewed on December 13, 2007, by a panel of three dentists, regarding this appeal.

PROBLEM / DESCRIPTION:

Stephens, Jimmie C-56483: In your written appeal signed November 28, 2007, you state that you were willfully denied, deprived "right to eat" on right side of mouth based upon refusal to allow "partials" etc. "braces, implants". You are unable to chew food properly based upon lack of teeth. You are requesting partials, braces, crowns, composite fillings, cleaning, preventative care, medications, and upper and lower partials.

RESPONSE:

Your Unit Health Record (UHR) was reviewed and you were interviewed by a panel of dentists regarding this appeal. On May 8, 2007 you were triaged for an examination and given a Dental Priority Classification 2 (DPC2). On June 13, 2007 you were triaged as needing a stainless steel crown on tooth #18. On June 19, 2007 you received a stainless steel crown on tooth #18. On August 23, 2007 you were interviewed in regards to an appeal, and then you were seen on December 4, 2007 for the same reason, in which you complained that you had not been seen yet. You also refused your triage evaluation. While reviewing your appeal the dentists used the applicable Policy & Procedures along with your UHR to consider your complaint. It has been determined that you were correctly screened by the dentist and that you were given a higher priority classification than was required while demonstrating care and concern for your welfare. Inmates are treated according to their Dental Priority Classification and in chronological order.

You have been scheduled for an examination to determine your overall dental needs. You are on the appropriate priority list and will be seen in chronological order according to your Dental Priority Classification. If your dental issue changes, (i.e. severe pain, infection) you should contact the Dental Clinic by filling out a CDC 7362 Health Care Services Request Form via the triage nurse in your yard.

APPEAL DECISION: PARTIALLY GRANTED

_____                              ___12|17|07___

R. Meyers, MD                                              Date
Health Care Manager

16

RE-CAT

STATE OF CALIFORNIA

**REASONABLE MODIFICATION OR**
**ACCOMMODATION REQUEST**
CDC 1824 (1/95)

DEPARTMENT OF CORRECTIONS

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| CMC-E | 07-2884 | 18, ADA |

medical

*NOTE:* THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Jimmie Stephen | C56483 | NA | | A-1/49 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

Willfully Denied, Deprived "Right to Eat" on Right Side of mouth based upon refusal to Allow "Partials" Ect. Braces "Implants",

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

Documents from Dentists at RJ Donovan since Requested of 5-1-05. Ongoing, "Deliberate Indifference Reckless Disregard",

DESCRIBE THE PROBLEM:

Unable to "Chew" food properly" based upon Lack of Teeth based upon CDC for Past 20 years Refusal to Allow "Crowns" to Preserve Good Teeth "Since 6-6-85 ect. Teeth "Gums" Receeding, "Discoloration" ect... with potential "Gum Disease" Ect..

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

"Partials" Braces "Crowns" Composite filings "Cleaning" Preventive Care, Medications "Upper & Lower Partials"

INMATE/PAROLEE'S SIGNATURE    DEC 3 2007    11-28-07    17
CMC APPEALS OFFICE    DATE SIGNED

"CITIZEN COMPLAINT"    DR "LEE"

Location: Institution/Parole Region    Log No.    Category

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

PC - 832.5

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|-----------------|
| Jimmie Stephen | C56483 | AD-SEG | 6-227-L |

A. Describe Problem: There is an ongoing practice, custom, policy, to deny, deprive of effective dental treatment here at RJ Donovan as on 11-30-06 Dr Lee a known inferior dentist whom in past recommended "extraction" of front "teeth" the same as did in past in 2004 on bottom front 4 teeth when loose same as my #7 tooth and my #9 was injured in 1970 who uses this to cover-up facts for "dental treatments" ect.. when

If you need more space, attach one additional sheet. Cavity at gumline now "teeth are strong.

B. Action Requested: (1) "Investigation" into "Reckless Disregard" and "Deliberate Indifference of "Dentist Lee" as well as hiring practices of these inferior personnel.
(2) "Root Canal" cavity check below gumline. 22

Inmate/Parolee Signature: Jimmie Stephen    Date Submitted: 11-30-06

C. INFORMAL LEVEL (Date Received: 12-15-06 )    Partially Granted

Staff Response: Dr. Antopivic Chief Dental Officer interviewed Inmate Stephen C-56483 on 02/09/07. Inmate Stephen must complete a full mouth exam before he can obtain partial dentures. All non-restorable teeth must be removed prior to making a partial denture. Please see CDCR 7428 Full and Partial Denture Agreement.

Staff Signature: M Castillo    RDA    Date Returned to Inmate: 02/26/07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: 18

As in 2004 DR LEE misdiagnosed 4 Loose front Teeth as needing "Extraction" as seems is His only Diagnosis. willfully.

As the 4 front teeth are Now 'tighter' than all my teeth as DR LEE Neglect and Deliberate Deliberate Indifference Reckless Disregard. willfully. title 18 app 3021 false and fraudulent documents

As on 11-30-06 DR LEE Refused to examine Left Back tooth as is the "only" Back tooth Plaintiff that Plaintiff (May Eat on).

As plaintiff showed as "Has No Back 'right' 'side Teeth' to Eat on). "Lee" Ignored Relief.

Ignored by "Lee" on 11-30-06.

Based upon ongoing Practice at IT Division and Prior "Diagnosis" by Dentist 'Millikin' A Defendant for Denial of Constitutional Rights willfully "3021" etc

"Hunt v DeWald DDL" 865.f.2d .198 (9th .1989)
"Estelle v Gamble" 97. Sct 285 (1976)

This May of Lead a Reader

11-30-06                                        ____ _____ 19



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Penny Godbold
Megan Hagler
Alison Hardy
Vibeke Martin
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

Dear Sir/Madam:

I am writing in response to your letter we recently received from you, in which you raise dental concerns. In previous correspondence with you, our office sent you a packet of information regarding the *Perez* dental care class action lawsuit.

Once you exhaust your administrative remedies, we will be happy to review your exhausted appeal and Director's Level Response to determine whether we can advocate on your behalf under *Perez*. However, until then, we are unable to assist you with your concern.

We wish you the best.

Sincerely,

The Prison Law Office

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

20

**Dental Services**                                    Division of Correctional Health Care Services

| DENTAL TREATMENT PRIORITIES | | |
|---|---|---|
| PRIORITY LEVEL | DESCRIPTION OF NEED | ELIGIBILITY** |
| Emergency Care: Immediate Treatment | Inmates requiring treatment of an acute oral or maxillo-facial condition, which is likely to remain acute, worsen, or become life threatening without immediate intervention. | All inmates are eligible for Emergency Care regardless of length of incarceration or oral health self-care. |
| Priority 1A – 1C* Urgent Care: | | All inmates are eligible for Priority 1 Care regardless of length of incarceration or oral health self-care. |
| 1A: Treatment within 24 hours. | Inmates with a dental condition of sudden onset or in severe pain, which prevents them from carrying out essential activities of daily living. | |
| 1B: Treatment within 30 days. | Inmates requiring treatment for a sub-acute hard or soft tissue condition that is likely to become acute without early intervention. | |
| 1C: Treatment within 60 days. | Inmates requiring early treatment for any unusual hard or soft tissue pathology, (e.g., acute ulcerative necrotizing gingivitis, severe localized or generalized periodontitis). | |
| Priority 2* Interceptive Care: Treatment within 120 days. | Advanced caries or advanced periodontal pathology requiring the use of intermediate therapeutic or palliative agents or restorative materials, mechanical debridement, or surgical intervention. | Inmates must have over 6 months remaining to serve on their sentence within a CDCR institution and are eligible for Priority 2 Care regardless of oral health self-care. |
| | Edentulous or essentially edentulous, or with no posterior teeth in occlusion. | |
| | Moderate or Advanced Periodontitis requiring non-surgical deep scaling and Root Planning procedures, (see Chapter 2.4 Periodontal Disease Program). | |
| | Chronically symptomatic impacted tooth requiring removal or specialty referral; surgical procedures for the elimination of pathology; or restoration of essential physiologic relationships. | |
| Priority 3* Routine Rehabilitative Care: Treatment within one year. | An insufficient number of posterior teeth to masticate a regular diet (seven or fewer occluding natural or artificial teeth), requiring a maxillary and/or mandibular partial denture; one or more missing anterior teeth resulting in the loss of anterior dental arch integrity, requiring a transitional anterior partial denture. | Inmates must have over 12 months remaining to serve on their sentence within a CDCR institution and must meet oral health self-care requirements as specified in Chapter 2.13 Facility Level Dental Health Orientation/ Self-Care. |
| | Carious or fractured dentition requiring restoration with definitive restorative materials or transitional crowns. | |
| | Gingivitis or Mild Periodontitis requiring routine prophylaxis. | |
| | Definitive root canal treatment for non-vital, anterior teeth, which are restorable with available restorative materials. The inmate's overall dentition must fit the criteria in Chapter 2.9 Endodontics. | |
| | Non-vital, non-restorable erupted teeth requiring extraction. | |
| Priority 4: No Dental Care Needed | Inmates not appropriate for inclusion in Priority 1, 2, 3, or 5. | |
| Priority 5: Special Needs Care | Inmates with special needs (see Chapter 4.5, Dental Authorization Review Committee for methods of recommending treatment). | All inmates with special needs are eligible for Priority 5 Care regardless of length of incarceration or oral health self-care. |

*Treatment to be provided within the specified timeframe, from the time of completion of the dental triage.

**Eligibility determined by length of incarceration and level of oral self care.

STATE OF CALIFORNIA
DENTAL PROGRESS NOTES
CDCR 237-C (Rev. 04/06)

DEPA...ENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| RESTORATIONS AND TREATMENTS (Completed during incarceration) | SUBSEQUENT DISEASES AND ABNORMALITIES |
|---|---|
|  |  |
| REMARKS | REMARKS |

Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|
| 1  2  07 | | S: S/cc: I have a loose tooth and I would like a partial. To Formal 602 interview. Pt points to tooth #7. | | |
| | | O: Hx (ctrl 1/2/07, taking atenolol, HCTZ, lopsleton (sp?)), #7 CL III mobility, #9 CL III mobility, #10 CL II mobility, #24 #25 CL II mobility, advanced bone loss, PA #7 taken | | #9  #24 #25 |
| | | A: #7 #10, nonrestorable, generalize advanced periodontitis | | |
| | | P: 1) O.S ext #7 #10 (pt refuse ext) 2) prosth eval for partials | | S. LEE, D.D.S. Staff Dentist  PJDCF |
| | | E: Pt inf Pt refuse to sign treatment today. | | |

DRUG ALLERGIES?
☒ NO    ☐ YES

DENTAL PROGRESS NOTES

CDCR NUMBER, NAME (LAST, FIRST, MI), AND DATE OF BIRTH

Stephen Jimmie
7-18-52

22

*Prior to each treatment, the Den___t must review the health history, n___ ___anges or specify no change; and use S.O.A.P. format when applicable.*

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | DIAGNOSIS - TREATMENT (Include signature at the end of each data entry) | PRISON LOCATION (ACRONYM) |
|---|---|---|---|
| 2 10 06 | | S: " My tooth needs to be filled." "I need to get my teeth prepared for partials" Pt points to #18. | |
| | X | | |
| | | O: HQR (dated 2/10/06). NC. | |
| | | PA taken #18 | |
| | | #18 broken amalgam & DB cusp. F. caries, cervically on MB. # 6, 26, 28 F caries #11 D leaking | |
| | | A: #18 Restorable, | |
| | | P: #18 oper | |
| | | ② Panorex. | |
| | | E: Pt informed. OHI given both oral & written. | |
| | | Tx: 2 carps 2% Lidocaine w/1:100,000 epi | |
| | 18 | Removed DO Alloy & F caries Placed DOB comp. using etch, primer, adhesive & 3M Z100 comp. checked occl. | |
| | | C. Fransdel DDS | RJDCF |

DRUG ALLERGIES?
☑ NO   ☐ YES

**DENTAL PROGRESS NOTES**
**CDC 237C (1/00)**

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

Stephen, Jimmie
C-56483
7/18/52

23

STATE OF CALIFORNIA
**DENTAL PROGRESS NOTES**
CDCR 237-C (Rev. 04/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| RESTORATIONS AND TREATMENTS (Completed during incarceration) | SUBSEQUENT DISEASES AND ABNORMALITIES |
|---|---|
|  |  |
| REMARKS | REMARKS |

**Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.**

| DATE OF ACTION (month/day/year) | | | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|---|---|
| 7 | 19 | 06 | #7 | S pt presents with pain last 3 day - points to tooth #7 | | |
| | | | | O. PA #7 Mon. ALL 7/19/06 NKWA | | |
| | | | | #7 class III mobility, Perc +++ | | |
| | | | | Perio pocketing 8m + | | |
| | | | | A #7 Perio compromised perio abcess | | |
| | | | | P 1.) xo #7 | | |
| | | | | E, pt np + PT Agrees | | |
| | | | | TX 500 mg Pen V.K x 30 tabs | | |
| | | | | 800 mg Ibs-prof x 10 tabs | | |
| | | | | N.V. xo #7 | | |
| | | | | | | |
| | | | | | | |

DRUG ALLERGIES?
☑ NO   ☐ YES

**DENTAL PROGRESS NOTES**

| CDCR NUMBER, NAME (LAST, FIRST, MI), AND DATE OF BIRTH |
|---|
| C-56483 |
| Stephen                                    24 |

STATE OF CALIFORNIA
**DENTAL PROGRESS NOTES**
CDCR 237-C (Rev. 04/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| RESTORATIONS AND TREATMENTS (Completed during incarceration) | SUBSEQUENT DISEASES AND ABNORMALITIES |
|---|---|
|  |  |
| REMARKS | REMARKS |

**Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.**

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|
| 11 30 06 | | S: Stece: I have a loose tooth #9. Pt points to tooth #9 | | |
| | | O: H&P (dtd 11/30/06, taking lovastatin for cholesterol), #9 discolored, CL III mobility, advanced boneloss, visual exam | | |
| | | A: #9 nonrestoreble advanced periodontitis | | |
| | | (:1) 0.5 ext #9 (pt refuse) | | |
| | | E: pt inf #9 needs ext. | | |
| | | | S. Lee | |
| | | | PJOCF | |
| | | | (2) | S. LEE, D.D.S. Staff Dentist |
| | | | | |

DRUG ALLERGIES?
☒ NO    ☐ YES

**DENTAL PROGRESS NOTES**

CDCR NUMBER, NAME (LAST, FIRST, MI), AND DATE OF BIRTH

Stephen Jimmie
C56483
7-18-52                    25

Prior to each treatment, the Dentist must review the health history, note changes or specify no change; and use S.O.A.P. format when applicable.

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | DIAGNOSIS - TREATMENT (Include signature at the end of each data entry) | PRISON LOCATION (ACRONYM) |
|---|---|---|---|
| 04 06 05 | #29 | S "MY TOOTH HURTS EVER SINCE FILLED (PTS To #29) ESP. BITING DOWN" | |
| | | O HHR T3 NKDA? CHECK N.V. (1)PA #29, PERCUSS +++ | |
| | | A #29 WIDENED PDL NON-RESTORABLE NEEDS XO | |
| | | P I/m DECLINED TX TODAY. WANTS TO POSTPONE | |
| | | EXTRACTION, OFFERED TX TODAY. I/m REFUSED. | |
| | | NO REQUEST FOR PAIN MEDS TODAY. | |
| | | E OHI' TOLD I/m WOULD DUCAT WHEN HE IS READY | |
| | | FOR XO #29. ANSWERED 602    N/C  Rlatas | RJD |
| 10 7 05 | | Pt no show for 1330 priority | |
| | | ducat for today.   C. Frambel DDS | RJDCF |
| 11 2 05 | | 602 interview | |
| | | S: PAIN ∅V LEFT/RIGHT ∅ SWELLING ∅ PAIN ∅ PRESENT Sometimes | |
| | | O HHR (1-10-05) IPA #29, FRACTURED ALLOY + FACIAL CARIES | |
| | | A #29 GUARDED PROGNOSIS. #29 NON-REST. | |
| | | P: CONSULT. (L) SIDE NOT ADDRESSED @ THIS APT. | |
| | | N.V. XO #29 ?    N/C | RJD |
| 11 4 05 | | T-2 HRsn-dfy 9/16/04 NKDA Med 1.std | |
| | | 4% Septocane 1:100 REPS x 3 CARP | |
| | | #29 Routine XO | |
| | | Pre + Post op insts given, consent signed | |
| | | hemostasis achd | |
| | | Rx 400 mg x 20 Tabs. | |
| | | Ik Ir Mitchell DDS | RJD |
| | | B. Mitchell | |

DRUG ALLERGIES?
[X] NO   [ ] YES

**DENTAL PROGRESS NOTES**
**CDC 237C (1/00)**

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

STEPHEN
C 56483

26

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

*Prior to each treatment, the Dentist must review the health history, note changes or specify no change, and use S.O.A.P. format when applicable.*

| DATE OF ACTION (month/day/year) | | | TOOTH NUMBER | DIAGNOSIS - TREATMENT (Include signature at the end of each data entry) | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|---|
| 1 | 26 | 04 | | S: Informed 602 interview. Pt points to tooth #11 of being sensitive. | |
| | | | | O: HaPt dtd 1/26/04, NC), #11 gingival recession, root exposure, Ø caries. visual exam. | |
| | | | | A: #11 sensitivity due to root exposure | |
| | | | | P: 1) No tx indicated at this time | |
| | | | | Pt inf. if #11 ↑ symptoms, recommend extraction        S.___ DDS | |
| | | | | RDCF | |

**DRUG ALLERGIES?**

☒ NO    ☐ YES

**DENTAL PROGRESS NOTES**
**CDC 237C (1/00)**

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

C56483
STEPHEN JIMMIE
7-18-52
27

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

*Prior to each treatment, the Dentist must review the health history, note changes or specify no change; and use S.O.A.P. format when applicable.*

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | DIAGNOSIS - TREATMENT (Include signature at the end of each data entry) | PRISON LOCATION (ACRONYM) |
|---|---|---|---|
| 1 10 05 | | S pt present "I want teeth" | |
| | | O. 2 BWS | |
| | | HQR- dtd 1/10/05   NKDA  ∅ meds | |
| | | Pt Missing Several Max + Mnd posterior teeth | |
| | | Bwg Noted Mesial # 29 | |
| | | Rwg Noted  Facial of 20 | |
| | | Slight pocketing | |
| | | A  Decayed teeth ✓ 29 20 | |
| | | Early Adult Mild perio dnosis by | |
| | | Missing Seven Posterior teeth | |
| | | P. 1.) Fill 20 +29 | |
| | | 2.) Gross Scale | |
| | | 3.) Partial Construction | |
| | | N. V. Fills 20 +29 | |
| | | K.R. Millard DDS | N.J.P |
| 1 13 05 | | T-3  HQR- dtd 1/10/05  NKDA  ∅ meds | |
| | | 4 % Septacaine X 1.8 cc | |
| | | 3 % Citnest X 1.8 cc | |
| | | # 29 - MOD Amy | |
| | | N. V. # 20 | K.R. Millard DDS | N.J.P |
| 1 14 05 | | T-3  HQR-dtd 1/10/05  NKDA | Next visit requested by Patient on Form 7362 for routine treatment. |
| | | 2 % Lido 1/100 Vep X 1.8cc | |
| | | # 20 - DF comp 1 Acid etch | |
| | | N.V. eval  for  Partials | Dr. K. Millard D.D.S | N.J.P |

DRUG ALLERGIES?

☒ NO   ☐ YES

**DENTAL PROGRESS NOTES**
**CDC 237C (1/00)**

STATE OF CALIFORNIA        DEPARTMENT OF CORRECTIONS

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

C56483
STEPHEN  JIMMIE
7 - 18 - 52

28

EXHibit # 2

Copy of Denial of "DiA" at CMC he shows
ongoing pattern of misconduct to Deprive of
necessary monies when working DiA at Donovan
on "Non-adverse transfer".

"Imminent Danger Exception"

when monies owed in Prior 42 USC
1983 before filing suit. And CDCR knew of
ORder..

29

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:     DEC 1 3 2007

In re:    Jimmie Stephen, C56483
          California Men's Colony
          P.O. Box 8101
          San Luis Obispo, CA 93409-8101

          IAB Case No.: 0702827          Local Log No.: CMC-07-01391

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pennington Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that he has been inappropriately denied a job in the Prison Industry Authority (PIA). The appellant contends that he worked in the PIA at R.J. Donovan Correctional Facility and his transfer was non-adverse. The appellant has requested to be provided with the right to work in the PIA. The appellant contends that one arson does not make a person a threat, neither does his murder conviction.

**II   SECOND LEVEL'S DECISION:** On July 5, 2007, the appellant appeared before Institution Classification Committee for his Second Level of Review (SLR). The appellant was informed that upon reviewing the appellant's central file established that the appellant was ineligible for a PIA position due to a history of arson. Review of the appellant's Criminal Identification and Information (rap sheet) indicates that he was arrested by the LAPD on May 19, 1984 for California Penal Code Section 451 Arson of Inhabited Structure/Property for which the appellant was convicted and sentenced to a seven year CDCR term. Pursuant with California Men's Colony (CMC) PIA policy, inmates with a previous arson conviction, or whose case contains the elements of arson and/or possession or use of explosive material shall be excluded from the PIA. The appellant received a conviction for an arson offense. The appellant's appeal was denied at the SLR.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.  FINDINGS:** The primary objectives of the correctional institutions are to protect the public by safely keeping person committed to the custody of the Director of Corrections, and to afford such persons with every reasonable opportunity and encouragement to participate in rehabilitative activities. Consistent effort will be made to insure the security of the institution and the effectiveness of the treatment programs within the framework of security and safety. The institution has taken the appropriate action and informed the appellant that based upon his prior conviction for arson he will not be permitted to obtain a job in the PIA. The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department. The appellant has failed to provide any compelling information or evidence that would warrant a modification to the decision reached by the institution. Therefore, no relief will be provided to the appellant at the Director's Level of Review.

**B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3005, 3040, 3270, 3271, 3375, 3375.2, 3376, 3377.2, 3380

30

JIMMIE STEPHEN, C56483
CASE NO. 0702827
PAGE 2

    **C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CMC
        Appeals Coordinator, CMC

31

Exhibit # 3

Copys of 602 as to "Prison Legal" News Denial
Since June 2007 by mailroom at CMC. Showing
ongoing Pattern of misconduct as was at Donovan..
As at Donovan plaintiff had over "80" Legal
mail Documents withheld up to "139 Days", delayed ect.
Appliances Confiscated at 9-16-03 when Director's
memo stated not to Confiscate non-clear appliances ect
further Pattern of misconduct..
Enclosed Legal mail "stamped" for at time
Date of Receiving.. As Proof of Receiving.

to Support Imminent Danger
"Exception"..

Right to "Single Cell" also Denied
as housed in Cells built for one..
And Admitting by Warden at 8-15-07 as to
Severe Contagious Diseases and Precautions at CMC..
And Severe Rules Based upon "Overcrowding" Senate ect ..32
Example as to Cell Designs..
Page 48-B.

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JIMMIE STEPHEN | C56483 | UA | A-1149 |

A. Describe Problem: ON OR AbouT 10-1-07 I SENT UA Institution Mail ONE "LETTER to CMC- MAilRoom" REquesting my Mail Information WHETHER RECEIVED my "Prison LegAl News" A subscription NewsLetter.. As HAvent SEEN since JUNE 2007.. As Prison LEGAL News of SEATTLE WAshington STATE they ARE SenDing my NewsLetter UiA U.S. mAil.. As Access to Court HenDered by this Act of Censorship..

If you need more space, attach one additional sheet. "BourNS J SMith" 430, US, 817 (1977)

B. Action Requested (1) Investigation into this mAtter As to my LegAl mail newsLetter subscription..

Inmate/Parolee Signature _Jimmie Stephen_    Date Submitted: 10-10-07

C. INFORMAL LEVEL (Date Received: 10-17-07)
Staff Response: Granted, Several inmates are not receiving their prison legal news, we are working with the publisher to find the problem.

Staff Signature: McDaniel    Date Returned to Inmate: 10-17-07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim    CDC Appeal Number: _____

33


SEATTLE WA 981
**Prison Legal News**
2400 NW 80th SE #148
Seattle, WA 98117



34719 ** BLUE 6 ** EXPIRES:12/15/2007
JIMMIE STEPHEN    C56483
CALIFORNIA MENS COLONY STATE PRISON
PO BOX 8101    A-1149
SAN LUIS OBISPO, CALIFORNIA 93409-8101

Dear *PLN* Subscriber:

We received your inquiry about a missing issue(s) of PLN.  We have determined the most likely problem to be the following:

☐   We did not receive your address change in time.
☐   We did not receive your renewal in time.
☐   We did not have your current correct address.
☐   The issue had not been mailed yet at the time of your inquiry.
☐   It takes 4-6 weeks to receive the first issue of a new subscription or for a change to reflect on your label.
☒   You should be getting your subscription.  If you are a prisoner check with the prison mailroom.
☐   Your subscription was pro-rated.  See pg 2 of PLN for rates.

Your subscription to PLN expires on the date indicated on the mailing label on this card.  Please check this label and verify that this is your correct address, and inform us if it is not.

    Make-up issues are $2.50 each and are mailed first class.

34



Jimmie Stephen  C#56483
P. O. Box 799003
San Diego, CA92179-9003

LEGAL RETURN SERVICE REQUESTED

REC 12-28-05
DATED 8-22-05
139 DAYS LATE 6-217 ℓ
LAWSUIT/STEPHEN V SHELAR

SUPERIOR COURT OF CALIFORNIA

LEGAL NON (HERNANDEZ GESTANDED)

STEPHEN V SHELAR
LAWSUIT
RECEIVED 12-28-05
DATED 8-2-05
139 DAYS LATE

35

Not GLUE SEALED
But TAPED

OPENED

"Label ? UPSIDE"
DOWN
WHERE NAME of court
IN SUPPOSE to BE"
"STAMPED" Black
"INK"

JIMMIE STEPHEN C56483
2-7-238
P.O. BOX 799002
SAN DIEGO, CA 92179-9002

Citizens
Complaint

W. John 11-8-05

"SUPERIOR"
COURT
Label told off)
"LAWSUIT"
GIC85-5668
LEGAL MAIL"
Received 11-19-05
DATED 11-1-05
"8 DAYS LATE"

OPENED

36



Superior Court of California
County of San Diego
COUNTY COURTHOUSE
220 WEST BROADWAY
PO BOX 120128
SAN DIEGO CA 92112-0128
DEPARTMENT 64

JIMMIE STEPHEN
C56483
P.O. BOX799003
SAN DIEGO, CA 92179-9003

RETURN Service
REQUESTED

PRESORTED
FIRST CLASS

37

SAN DIEGO CA 921

01 SEP '05 PM 8 L

160-01274

Jimmie Stephen, CDC #C-56483
R. J. Donovan Correctional Facility at Rock Mountain
P.O. Box 799003
San Diego, CA 921779-9003

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
110 WEST A STREET, SUITE 1100
P.O. BOX 85266
SAN DIEGO, CA  92186-5266

LEGAL
DATED 9-1-05
RECEIVED 12-21-05
110 DAYS LATE

38

FIRST CLASS

**DEPARTMENT OF JUSTICE**
Office of the Attorney General
110 West "A" Street, Suite 1100
San Diego, California 92101

TO

Jimmie Stephen, CDC #C-56483
R. J. Donovan Correctional Facility at Rock
Mountain
P.O. Box 799003
San Diego, CA 92179-9003

39

CHIEF, INMATE APPEALS
DEPARTMENT OF CORRECTIONS
P.O. BOX 942883
SACRAMENTO, CA   94283-0001

J. CONFIDENTIAL



321794000283



+2-621PL
LETTER 9-6-05
DATED 9-6-05
Received 12-21-05
105 Days Late

FIRST CLASS



UNITED STATES POSTAGE
02 1A
0004359318        $ 00.500
SEP 06 2005
MAILED FROM ZIP CODE 95814

40

THE SUPREME COURT
OF THE STATE OF CALIFORNIA
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4797

Lane

Dated 8-5-05

Received 12-21-05

136 Days Late

41

THE SUPREME COURT
OF THE STATE OF CALIFORNIA
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4797

Supreme Court of California
Clerk of the Court
350 McAllister Street
San Francisco, CA 94102-4707

Legal Mail
Received 10-21-05
Dated 7-22-05
No Days Late

S135222
JIMMIE STEPHEN C-56483
P. O. Box 799003
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179-9003

14-129u



42

RETURN SERVICE REQUESTED

JUL 2 0 05

PO meter
$$ .106 $$
U.S. POSTAGE

SUPERIOR COURT
San Diego, CA 92112-0128

Jennie Stephen
C 56483
P.O. Box 799003
San Diego, CA 92179-9003

L-7384

"EXHIBIT"

" STEPHEN V SHELARE "

"LEGAL MAIL"

DATED 7-28-05

"60" DAYS LATE

RECEIVED 9-28-05

43

CLERK'S OFFICE
COURT OF APPEAL
FOURTH APPELLATE DISTRICT
DIVISION ONE
750 B STREET, SUITE 300
SAN DIEGO, CA  92101-8196

Legal mail
Recieved 10-3-05
Dated 9-26-05
138" Days old

Serving the Nation
CROWN 26, SER05

SAN DIEGO, CA 921

02 1A
0004353822        $ 00.60
                  SEP 26 2005
MAILED FROM ZIP CODE 92101

2-7-23-60

F3-14-1294

44

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date    :    **March 08, 2007**

To    :    **All Concerned**
**A-Quad**
**CMC-East, Facility**

Subject:    **A-QUAD INMATE CONVENIENT BED AND CELL REQUEST**

Effective immediately, all A-Quad convenient bed/cell moves will be done only on Tuesdays. Inmate(s) requesting a bed or cell move must complete a convenience bed/cell move request form. The form must include the regularly assigned (five day a week) second and third watch officer's printed name and signature for approval. All inmates involved with the potential move must appear and present the convenience bed/cell move request form to the A-Quad Program Sergeant on Tuesdays, at 1500 hours. The A-Quad Program Sergeant will interview all inmates involved with the requested move verifying their agreement. The Program Sergeant will then deliver the form(s) to the Program Lieutenant who will ultimately approve or disapprove the request. Illegible and/or incomplete forms will not be accepted. Any attempt to deviate from this directive will not be accepted.

**J.L. Cortez, Program Lieutenant**
**A-Quad-Third Watch**
**CMC East Facility**

4/5

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: **NOV 0 5 2007**

In re: Jimmie Stephen, C56483
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

IAB Case No.: 0704016        Local Log No.: CMC-07-01135

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hall, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position he requires single cell status based upon psychiatric evaluations completed in 1986, 2002 and 2004. The appellant claims his present cell confinement affects his activities-of-daily living, which is causing pain and suffering. The appellant is requesting single cell status forthwith and/or a transfer to an appropriate institution for relief based upon daily inflections of pain.

**II    SECOND LEVEL'S DECISION:** It is the institution's position the medical appeals analyst and mental health staff reviewed the appellant's Unit Health Record and determined a mental health evaluation was completed on April 11, 2007, at which time he showed no clear signs of his previous diagnosis of paranoid schizophrenia. During the interview, the appellant informed health care staff he did not desire mental health services and only wanted single cell status. In addition, the appellant was asked if his condition had changed as he was no longer a participant in the Mental Health Services Delivery System (MHSDS). The appellant was advised CDCR housed inmates on double cell status, which is not considered punishment. In addition, a transfer to another institution was not medically indicated, as the appellant's mental health needs are being met at California Men's Colony (CMC). The appellant was informed he would remain on double cell status, based upon his April 11, 2007, mental health evaluation.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** The appellant contends his mental health evaluations necessitate single cell status. Although the appellant was previously diagnosed with paranoid schizophrenia, his mental health evaluation reflected the appellant was asymptomatic and not a participant in the MHSDS. The appellant is advised the California Code of Regulations, Title 15, Section (CCR) 3377.1, indicates an "S" suffix may be affixed by a classification committee to the inmate's custody designation to alert staff of an inmate's need for single cell housing. The classification committee's decision to affix the "S" suffix shall be based upon documented evidence that the inmate may not be safely housed in a double cell or dormitory situation based on a recommendation by custody staff or a health care clinician. At this time, double cell status is appropriate for the appellant. In addition, there is no clinical evidence that warrants a transfer to another institution, as the appellant's health needs are being appropriately met by CMC health care clinicians. After review, there is no compelling evidnece that warrants intervention at the Director's Level of Review, as it has been determined the appellant is appropriately housed.

**B.    BASIS FOR THE DECISION:**
CCR: 3350, 3354, 3360, 3361, 3362, 3377.1

**C.    ORDER:** No changes or modifications are required by the Institution.

46

JIMMIE STEPHEN, C56483
CASE NO. 0704016
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CMC
        Health Care Manager, CMC
        Appeals Coordinator, CMC
        Medical Appeals Analyst, CMC

47

State of California

A QUAD                                 5477504                    # 17 1

Department of Corrections and Rehabilitation

# Memorandum

Date      :  August 15, 2007

To        :  All Concerned

Subject   :  **UNIVERSAL PRECAUTIONS**

Recently there has been a larger than normal number of inmates who have reported to the East Medical Clinic reporting to be suffering from flu-like symptoms. These inmates complaining that they were vomiting and experiencing diarrhea. Cultures taken form the affected inmates have been analyzed and indicated they had norovirus. In most cases, norovirus causes vomiting and/or diarrhea for one to three days, but is not dangerous to otherwise healthy individuals.

As a result of the increase number of inmates suffering from these symptoms we have made the decision to proactively address this issue and take the following precautions to limit the number of inmates exposed to this virus.

- Inmates exhibiting these symptoms will be quarantined in their cells, until cleared by our medical staff to integrate with the population
- Those inmates with more severe symptoms, but not requiring hospitalization, will be rehoused in the Building Seven Intake Unit where they can be provided with nursing coverage.
- There will be no non-emergency bed moves or inmate movement between West Facility and East Facility.

The most important thing you can do to avoid infection with norovirus or any other communicable illness is to diligently practice universal precautions, including the following:

- Wash your hands **often**
   Especially after using the toilet
      Before eating or putting anything in your mouth
- Carefully wash any fruit or food item before eating it
- Thoroughly clean and disinfect contaminated surfaces immediately after an episode of illness by using a suitable cleaner
- Ensure that contaminated clothing and linens are removed from the cell and sent to the laundry for proper cleaning
- Flush or discard any vomit and/or stool in the toilet and make sure that the surrounding area is kept clean

JOHN MARSHALL
Warden
California Men's Colony

48

**State of California**                                                    **Department of Corrections and Rehabilitation**

# Memorandum





Date          :    September 24, 2007

To            :    ALL CONCERNED

Subject       :    PERSONAL APPLIANCE SOUND/NOISE POLICY ENFORCEMENT

Pursuant to policy, appliances; including but not limited to televisions, radios, record players, compact disc players and tape decks may be played in the housing units with earphones only. Refer to CMC Inmate Orientation Booklet, Rules Pertaining To Housing Units (pages 5 and 6, paragraph 18). In addition, as per paragraph 17, no musical instruments shall be played in the housing units at all.

It has come to my attention that inmates in A-Quad are disregarding these policies. Henceforth, inmates who choose to listen to the above-mentioned appliances without headphones/earphones, or to play their musical instruments within the housing units, shall be subject to disciplinary action(s) pursuant to CCR §3312.

Inmates who ignore and/or dismiss the above policy, especially by subjecting others to excessive volumes, are not only in violation of this policy, but are also in violation of CCR §3004(b) Rights and Respect of Others, specifically, "Showing Open Disrespect Toward Others Which Could Cause Disruption And/Or Incite Or Provoke Violence." Further, CCR §3005(a) Conduct, states, "Inmates... shall obey all laws, regulations and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person."

Violations of the above policy will not be tolerated, and will result in disciplinary action(s) up to and including the loss of personal appliances and/or serious CDC-115, Rules Violation Reports.

Your cooperation in the above matter is expected.

T.L. Cook F/C
**T.L. Cook**
**Facility Captain**
**CMC-East, A-Quad**

48-A

CDC 1617 (3/89)                                                          LOUDASSMUSIC

"INSIDE EACH CELL" AT "CMC-San Luis Obispo..
"cells built" for "one" Houses "two"..
WHEREAS, WHEN "2nd Bed" is "Lowered"
It "Blocks" ENTIRE AISLE..



48 B

20

EXHIBIT #4

(COPY OF "APPEAL" 3RD LEVEL (CONFISCATED)
"Hot Pot" APPLIANCE AS ONGOING PATTERN) OF
DONOVAN T.V. Hot Pot. HEADPHONES, RADIO AND
CLIPPERS CONFISCATED)..

SHOWING ONGOING PATTERN). OF MISCONDUCT
JUSTIFYING RELIEF OF "IMMINENT DANGER" EX-
CEPTION)" ETC...

"IMMINENT DANGER EXCEPTION"

AS "PRIOR" PATTERN) OF CONFISCATION OF
APPLIANCES WHEN ARRIVED AT DONOVAN 9-16-03
WHEREAS RADIO. CLIPPERS. Hot Pot. HEADPHONES
ILLEGALLY CONFISCATED) AGAINST NEP DIRECTOR'S
ORDER OF 2002..

49

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: AUG 2 8 2007

In re:    Stephen, C-56483
          California Men's Colony
          P.O. Box 8101
          San Luis Obispo, CA 93409-8101

   IAB Case No.: 0616489          Local Log No.: CMC 07-0750

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that on March 30, 2007, he received a hot pot from an approved vendor but Receiving and Release staff failed to issue it due to the electrical appliance restriction. He contends that he was advised to mail the hot pot home as he cannot have three electrical appliances. The appellant requests that three appliances be allowed per inmate pursuant to procedures and to be reimbursed for the hot pot if sent home.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant's property card reveals that he possesses two electrical appliances, a radio and television (TV). The appellant was afforded the opportunity to turn in the radio or TV in order to keep the hot pot. Regardless of the item turned in the appellant will have to make the proper disposition of the remaining electrical appliance or staff will make it for him. The institution has followed departmental policy. The appellant's request for transfer to another institution so he can have three electrical appliances will not be addressed.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.    FINDINGS:** The institution has reported to the appellant that his issue regarding his transfer request will not be addressed. The appellant has not provided evidence that staff have misinterpreted departmental policy and procedures in this matter. According to the March 29, 2007, Electrical Appliance Restriction memorandum issued by Warden Marshall, the DOM 54030.10.6 has been amended to increase the electrical appliance limitation to three; however, this increase does not apply to CMC due to the physical plant restraints. No relief at the Director's Level of Review is required.

   **B.    BASIS FOR THE DECISION:**
   CCR: 3190, 3191, 3192, 3193, 3287
   DOM: 54030.1, 54030.3, 54030.10.6, 54030.10.6.1

   **C.    ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CMC
       Appeals Coordinator, CMC

50

State of California                                     Department of Corrections and Rehabilitation

# Memorandum

**Date**    : April 2, 2007

**To**       : STEPHEN, Jimmie
             C-56483    Cell 1119X

**Subject** : CMC APPEAL LOG #CMC-E-07-00750 (PROPERTY)
             FIRST LEVEL REVIEW

ACTION REQUESTED:    PERMIT THREE (3) APPLIANCES PER INMATE
                     PURSUANT TO ARTICLE 43 INMATE PROPERTY AND
                     REIMBURSEMENT OF HOT POT APPLIANCE (IF
                     SENT HOME)

APPEAL: DENIED

A review of your appeal has been completed. Your Appeal/Complaint including your requested remedial action has received careful consideration. In your appeal, you contend that on 03/30/07 you had received an electrical appliance (Hot Pot) from an approved vendor. However, the CMC-East Facility Receiving & Release staff did not issue you the appliance due to an imposed restriction/limitation regarding electrical appliances at CMC-East Facility. Furthermore, the Receiving & Release staff advised you that you had to return the appliance to the vendor or send it home, as you are not allowed to obtain three (3) electrical appliances. The action you requested to remedy this situation is permit three (3) appliances per inmate pursuant to Article 43 Inmate Property and reimbursement of "Hot Pot" if sent home.

On 04/09/07, I conducted an interview with you regarding your appeal/complaint and you had reiterated the issues of your appeal.

I conducted an overview of your appeal/complaint regarding authorization to possess three (3) electrical appliances and based on a memorandum, dated March 29, 2007, subject "Electrical Appliance Restrictions/limits", authored by the Warden John Marshall, clarifies the implementation of the Departmental Operations Manual (DOM) section 54030.10.6, stating that *"Inmates assigned to privilege group A or B may possess up to three appliances, facility physical plant limitations permitting"*, and due to the electrical constraints at CMC-East Facility the current policy of allowing inmates to possess two electrical appliances shall continue. However, inmates will be allowed to possess three appliances if the third appliance is non-electrical (guitar, etc.) defined in DOM section 54030.10.6. (Memorandum attached with this appeal/complaint review)

Due to the restrictions/limitations imposed (as defined above) regarding electrical appliances your electrical appliance (Hot Pot) is considered an electrical appliance and that you already have two electrical appliances on your property card. In order for you to obtain the electrical appliance "Hot Pot" you are to turn in one of your electrical appliances due to the guidelines imposed at CMC-East Facility.

51

FIRST LEVEL REVIEW
Appeal Log # CMC-E-07-00750
Page 2 of 2

In conclusion an overall review of your appeal/complaint revealed that the Receiving & Release staff member at CMC-East Facility was in compliance with the guidelines of Article 43 Inmate Property when you had attempted to retrieve your electrical appliance (Hot Pot) and that you were afforded the opportunity to turn in one of your electrical appliance in order to obtain another. Upon doing so the appliance that is to be turned in to Receiving & Release will either be donated or sent home at your expense. And since you did not turn in an electrical appliance, as a one-for-one basis, to obtain your electrical appliance (Hot Pot), it will be sent home at your expense.

Based on the aforementioned facts, your Appeal/Complaint is denied. Should you be dissatisfied with this appeal decision, you may, by following the instructions listed on your Inmate Appeal Form (CDC 602), request a Second-Level Review, and submit to Institution Appeals Coordinator within 15 days of receipt of response.


**APPEAL: DENIED**

**M.A. Sanchez**
**Correctional Sergeant**
**Receiving & Release Sergeant**
**California Men's Colony**
cc: C-File, Appeals File

**REVIEWED AND APPROVED**

**J. Schmidt**
**Associate Warden**
**Health Care Services**
**California Men's Colony**

52

# Memorandum

| | | |
|---|---|---|
| Date | : | June 7, 2007 |
| To | : | STEPHEN, JIMMIE<br>C-56483<br>CALIFORNIA MEN'S COLONY (CMC)-EAST, CELL 1149 |
| Subject | : | CMC APPEAL LOG #E-07-0750<br>**SECOND LEVEL REVIEW** |

ACTION REQUESTED:    BE ALLOWED TO HAVE THREE APPLIANCES, AS THERE IS NO TWO-APPLIANCE LIMIT.

BE REIMBURSED FOR THE HOT POT YOU SENT HOME.

OTHER RELIEF.

You state you are appealing the confiscation of your hot pot on March 30, 2007, by an unknown Receiving and Release (R&R) officer. You contend that you were willfully forced to give an address to send the hot pot to your home. You claim the reason for the confiscation was that you are not allowed three appliances, which you claim, is incorrect.

The Departmental rules regarding your issues are contained in the California Code of Regulations (CCR), Title 15, and Department Operations Manual (DOM), as follows:

**3190. General Policy. (Personal Property).**
*(a) Inmates shall be permitted to possess in their quarters/living area, state-issued property items, and authorized personal property items based upon privileges in section 3044 and/or assigned security level and/or institution mission, and subject to disciplinary provisions in section 3314 and 3315.*
*(i) Inmates may be allowed to possess appliances and one musical instrument as follows:*
*(1) Inmates assigned to Privilege Groups A or B may possess up to two approved appliances in their quarters/living area and shall not exceed the six cubic feet maximum limitation. One musical instrument with a case not exceeding 46" x 24" x 12" may be substituted as one of the two appliances.*

**54030.10.6 Appliances / Musical Instruments**

**Privilege Groups A and B**

Inmates assigned to Privilege Group A or B may possess up to three appliances, facility physical plant limitations permitting.

*53*

One musical instrument with case may be substituted as one of the three appliances in their quarters/living area consistent with the six cubic foot limitations…

**54030.12.2.  Processing Disapproved Property**

*Unauthorized inmate personal property, including that which is altered, exceeds volume limitations, or is beyond repair, shall be disposed of in accordance with the provisions of this Section.  The institution shall not store unauthorized inmate property except as provided for inmates placed in ASU as provided for in Section 54030.13.2.*

*Inmates shall sign the CDC Form 1083 indicating their choice of disposition and agreement to the method for disposing of their property.  If the inmate makes no selection or has insufficient funds, staff shall document that fact and determine the method of disposition. Unauthorized personal property shall be disposed of as follows:*

*Mail the item to an address provided by the inmate via United States Postal Service (USPS) or common carrier at the inmate's expense. This option is not available for inmates with insufficient funds in their trust account.*

*Return the item to the sender via USPS or common carrier at the inmate's expense.   This option is not available for inmates with insufficient funds in their trust account.*

*NOTE: Unopened packages received by the institution via USPS or common carrier, for an inmate ineligible to receive a package, may be returned to sender at no expense.*

*Donate the item to a charitable organization as designated by the institution/facility.*

*Donate the item to the institution/facility.*

*Render the item useless and dispose of it according to institution/facility procedures.*

*Failure to provide an address of an individual willing to accept the personal property will result in the property being donated to a charitable organization, donated to the institution/facility, or render as useless and dispose of per institution/facility procedures.  Inmates are not permitted to send their property to any State agency or agent of the State. Failure to comply may result in disciplinary action.*

The Memorandum dated March 29, 2007, authored by Warden John Marshall in regards to Electrical Appliance Restrictions/Limits states in part the following:

54

Received   Apr-15-2007 07:43      From-+           To-CMC-EAST R&R         Page 001

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date    :   March 29, 2007

To      :   ALL CONCERNED

Subject :   **ELECTRICAL APPLIANCE RESTRICTIONS/LIMITS**

This memorandum is to clarify the recent changes in Article 43 that allows Level III institutions to permit three appliances per inmate until the local policy is updated.

As directed in Departmental Operations Manual (DOM) section 54030.10.6; States: *"Inmates assigned to privilege group A or B may possess up to three appliances, facility physical plant limitations permitting."* However, due to the electrical constraints at California Men's Colony the current policy of allowing inmates to possess two electrical appliances shall continue.

Inmates will be allowed to possess three appliances if the third appliance is non-electrical (guitar, etc.) as indicated in section 54030.10.6. This is a change from the old policy at CMC where the second appliance had to be a musical instrument.

If you have any questions regarding this directive please contact the Correctional Captain for clarifications.

JOHN MARSHALL
Warden
California Men's Colony

55

This memorandum is to clarify the recent changes in Article 43 that allows Level III institutions to permit three appliances per inmate until the local policy is updated.

Due to the electrical constraints at CMC the current policy of allowing inmates to possess two electrical appliances shall continue.

Inmates will be allowed to possess three appliances if the third appliance is non-electrical (guitar, etc.) as indicated in Section 54030.10.6. This is a change from the old policy at CMC where the second appliance had to be a musical instrument.

Correctional Sergeant (Sgt.) M. A. Sanchez interviewed you on April 9, 2007, at the First Level of Review.

A review of your non-expendable property card reveals that you have in your possession two electrical appliances, a Jwin AM/FM Radio/Cassette/Compact Disc (CD) player and a Zenith television.

You were afforded the opportunity to turn in your Jwin or television on a one-for one basis in order to keep the hot pot. No matter which item you chose to turn it, you would have to choose the method of its disposal or staff would have determined the disposition.

The request to transfer, in response to the First Level review, will not be addressed. You cannot change the requested action in an appeal.

Your appeal is denied. You will not be allowed three appliances and you will not be reimbursed for the hot pot nor given any other relief. Department rules were followed.

Should you be dissatisfied with this response to your appeal, you may request a Director's Level Review by following the instructions listed on your Inmate Appeal Form (CDC 602).


APPEAL DENIED

JOHN MARSHALL
Warden
California Men's Colony


cc: C-File, Appeals File

DATE.              October 17, 2003

NAME:              Stephen, J

CDC #:             C-56483

APPEAL LOG #       03-1222

APPEAL DECISION:   DENIED          **SECOND LEVEL REVIEW**

**APPEAL ISSUE:**          You are appealing the issue of not being permitted to keep your electronic appliances when you transferred to the Richard J. Donovan Correctional Facility, (RJDCF) because the only electronics accepted at the RJDCF have to have a clear secure plastic casing. Additionally, you want your appliances back or the money to replaced them.

**APPEAL RESPONSE:**          Mr. Stephen, I have received and reviewed your Inmate/Parolee Appeal Form, CDC-602, Log #03-1222. In my investigation of this issue I have found that you arrive with electronic appliances that were not in compliance with Operational Plan #2 at the RJDCF. I spoke with Central Receiving and Release Correctional Sergeant E. Vizcarra concerning this appeal. Sergeant Vizcarra states that on October 17, 2003, at approximately 0807 hours, you were interviewed by him and were offered the options of mailing home the TV, radio and CD player, donating the TV, radio and CD player to the State, or having them destroyed. This addendum to Operational Procedure Plan #2, Inmate Property, APPLIANCES, went into effect December 13, 2000, approved by the Warden of this institutions. The California Code of Regulations, Title 15, Article 9, Personal Property, Section 3190, General Policy, (a) states, "Warden and superintendents shall establish a list of personal property items and the maximum amount of such items an inmate may have in his or her possession within the institution."

All California institutions were notified of this change before this addendum went into effect. Regardless of what institution you were at you would have to mail the electronic appliances home if you were not in compliance. Additionally, the RJDCF policy has previously been upheld in a court of law. The Office of W. A. Duncan, Deputy Director Institutions Division, has been notified and the institution is awaiting a response from Mr. Duncan's office for clarification on the issue.

Therefore, based on the aforementioned, this Inmate Appeal is **DENIED** at the Second Level of Review.

D. M. BARNES
Chief Deputy Warden (A)

57

Department of Corrections

# Memorandum

Date  : September 19, 2002

To    : Wardens

Subject : CLEAR-CASE TECHNOLOGIES

In July of 1998, the Director of the Department of Corrections authorized wardens to restrict new purchases of inmate televisions, radios, and compact disks/cassette players to clear-case technology only. The Director did not set exact timeframes when the removal of the old solid-color electronic devices would be implemented. It is expected that more definition of the aforementioned timeframes and phased removal of existing solid-color electrical devices will be included in the forthcoming Property Regulations. Therefore, inmates will be allowed to retain the old style solid-color electrical devices pending adoption of those regulations. No effort shall be made at this time to require inmates to send the solid-color electrical devices home or require they dispose of them in some way if they transfer from one institution to another. In the interim, wardens may continue the practice of requiring that all new purchases of electronic devices be of the clear-case technology.

Should you have any questions regarding this issue please contact Ron Cappel, Administrative Assistant, Institutions Division, at (916) 322-6038.

W. A. DUNCAN
Deputy Director
Institutions Division

cc:    Roderick Q. Hickman, Assistant Deputy Director, Operations and Programs
       George M. Galaza, Assistant Deputy Director, Community and Inmate Programs
       Ana Ramirez-Palmer, Regional Administrator-North
       Suzan L. Hubbard, Regional Administrator-South (A)
       E. Roe, Regional Administrator-Central

EXHibit #5

PRIOR "SERIOUS MEDICAL DENIAL"..
"RECKLESS"

from CALL SHOWING A PATTERN of
MISCONDUCT of 1-11-95 AS "UNRATED AND RECOMMENDED"
from 9th CIRCUIT COURT of APPEAL..

"WILLFUL" DELIBERATE INDIFFERENCE"
Plaintiff SEGREGATED 4-28-95 on FALSE CHARGES (RSCM-LONGARDI)..
IMMINENT DANGER EXCEPTION"

AS Plaintiff was Active IN ComPelling
F.B.I. AND INSPECTOR GENERAL INVOLVEMENT
IN JOHN YOUNG'S DEATH of 12-28-04..
found out 3-14-05 WORKED Law LIBRARY..
Plaintiff EVENTUALLY ATTACKED of 9-29-06

AS WRITE-UP by C. "CORNELIUS" of 6-6-07
DENIED 3RD LEVEL REVIEW..
3RD LEVEL REVIEW DUE IN "CASTILLO"
of 6-30-07.. REFUSE to ANSWER TIMELY..

59

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN. 1 1 1995

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

JIMMIE EARL STEPHEN,

      Plaintiff-Appellant,

    v.

K. W. PRUNTY, Chief Deputy Warden,
et al.,

      Defendants-Appellees.

No. 94-56041

D.C. No. CV-94-932-JNK

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Judith N. Keep, Chief Judge, Presiding

Submitted December 19, 1994[**]

Before:  SNEED, D.W. NELSON, and TROTT, Circuit Judges.

Jimmie Stephen, a California state prisoner, appeals pro se
the district court's order dismissing on res judicata grounds his
42 U.S.C. § 1983 action alleging medical indifference to serious
medical needs.  We have jurisdiction under 28 U.S.C. § 1291, and
we vacate and remand.

In his complaint, Stephen alleged that prison officials and
medical staff deprived him of "any and all medical necessities of
life by their wrongdoings as to their actions from 3-3-94 and
ongoing."  The district court dismissed the complaint on res

---

[*]    This disposition is not appropriate for publication and may
not be cited to or by the courts of this circuit except as
provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision
without oral argument.  Fed. R. App. P. 34(a); 9th Cir. R. 34-4.

60

judicata grounds, finding that the complaint raised issues that had been litigated and decided in a prior action.

We review de novo the district court's dismissal on res judicata grounds. See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir. 1993).

Under the doctrine of res judicata, a final judgment on the merits prevents a plaintiff from relitigating claims that were or could have been litigated in the prior actions. See Nevada v. United States, 463 U.S. 110, 129-30 (1983); Western Systems Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992), cert. denied, 113 S. Ct. 970 (1993). The plaintiff also is barred from relitigating issues of law or fact that were actually litigated and necessarily decided in the prior action, whether on the same claim or a different claim. See Duncan v. United States (In re Duncan), 713 F.2d 538, 541 (9th Cir. 1983).

Here, we disagree with the district court that Stephen's complaint raised issues that had been litigated in his previous section 1983 action. Stephen's prior action alleged that prison officials at Calipatria state prison had been deliberately indifferent to his serious medical needs between 1992 and 1993 because they failed to prescribe him specific medications or otherwise failed to properly diagnose and treat his sinus problem. In the present action, Stephen alleges that prison officials at Calipatria state prison have denied him "any and all" medical care since March 1994 in retaliation for Stephen's previous lawsuits against prison officials. Because Stephen's claims in this action involve injuries and wrongs that allegedly occurred subsequent to

- 2 -

G1

the injuries involved in his prior action, the district court

erred by dismissing Stephen's action on res judicata grounds.  See

id. [1/]

VACATED and REMANDED.



---

[1/]    We deny Stephen's motion to consolidate this case with Appeal
Nos. 94-55626 and 94-55659.

- 3 -

62

*Matthew L. Cate, Inspector General*



*Office of the Inspector General*

March 28, 2005

Jimmie Stephen, C-56483
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA  92179

Dear Mr. Stephen:

The Office of the Inspector General has received your correspondence postmarked February 8, 2005.  In your letter, you allege inmate John Young, T-71261, was murdered by correctional staff.  Additionally, you allege your property was confiscated, and you site problems with your trust account.

A limited inquiry was conducted into the homicide of inmate Young, and it was determined that an investigation is currently being conducted by another agency; therefore, it would be inappropriate for our office to intervene at this time.

As for your property and trust account issues, we determined that these issues could be more effectively addressed through a general approach rather than individually.  Given the volume and complexity of the complaints we receive, it is not possible for us to fully research and respond separately to each complaint.  Therefore, we attempt to focus our audit and investigative resources on issues where the greatest needs exist.  We believe that in this way we can provide the greatest benefit to you and others who have been affected.  We have therefore included your concerns in our computer database for further review and analysis.  If we conduct an audit or investigation of the issues you raise, you may be contacted later.

Meanwhile, we encourage you to continue to try to use available administrative remedies, such as the CDC-602 inmate/parolee appeal process.  If you have questions about the process or the status of your appeal, please contact your correctional counselor for advice and assistance.

Thank you for bringing your concerns to our attention.

Sincerely,

REGIS LANE
Deputy Inspector General

RL:vh:05-0011704-01

DATE:                          December 13, 2006

NAME:                          STEPHEN

CDC #:                         C-56483

APPEAL LOG #                   RJD-2-06-01311

APPEAL DECISION                PARTIALLY GRANTED                **FIRST LEVEL REVIEW**


**APPEAL ISSUES:**            You allege that on September 29, 2006, while at the Central Library, you were seated at a desk, when a group of correctional officers entered the library and without any provocation attacked you. You identified the officers as I. Bravo, C. Lira, M. McCurty and Sergeant Armenta. You also said as a result of this incident you lost your legal property and prescription glasses.

**APPEAL RESPONSE:**          In reaching a decision on this issue, a thorough review of your appeal has been conducted. The applicable sections of the California Code of Regulations (CCR), Title 15, the Department Operations Manual, Lieutenant Munoz' video interview of your allegations of inappropriate use of force, (CDCR 3014) and Lieutenant Woods' Crime/Incident Report (CDCR 837) to include Incident Commander's Review/Critique Use of Force # RJD-CEN-06-09-0592.

On Monday December 11, 2006, Correctional Lieutenant G. Savala interviewed you regarding your appeal issues. During your interview, you allege that on September 29, 2006, while at the Central Library, you were seated at a desk, when a group of Correctional Officers entered the Library and without any provocation attacked you. You identified the Officers as I. Bravo, C. Lira, M. McCurty and Sergeant Armenta. You also said as a result of this incident you lost your legal property and prescription glasses. Your only request was that you be awarded damages, which was clarified with you by myself, Lieutenant Savala, to mean money.

Officers Lira, McCurty, Bravo, Sergeant Armenta, Inmate Prince V-80747, and Ms. Simon, the Central Librarian, were interviewed.   Lieutenant Munoz' video interview of your allegations of inappropriate use of force, (CDCR 3014) and Lieutenant Woods' Crime/Incident Report (CDCR 837) to include the Incident Commander's Review/Critique Use of Force # RJD-CEN-06-09-0592, were thoroughly reviewed. The information gathered from all these resources indicates you battered Ms Simon, the Central Librarian, when she attempted to retrieve a document as you were attempting to forge your name as the recipient of a " CERTIFICATE OF ACHIEVEMENT" for " Legal Assistant/Paralegal Civil & Criminal Law." She activated her personal alarm, and responding staff arrived. You were still seated at a desk. Officer Bravo ordered you to stand up and turn around so that he could place handcuffs on you. You did not comply with the legal order given to you. Instead, you reached into a box causing Officer Bravo to fear for his safety. He responded by using physical force on you. Officer Palencia and Officer McCurty assisted Officer Bravo in overcoming your resistance, effecting custody, and gaining compliance with the lawful order.  They used the minimal amount of force required, which is evident by the injuries you sustained; an abrasion to your shin, as noted on your CDCR 7219. Sergeant Armenta and Officer Lira arrived after the force had been used. Officer Lira's involvement in this incident consisted of him escorting you to the Treatment Triage Area.

Based on the aforementioned, this appeal is Partially Granted at the First Level of Review because I could not account for the legal property or the glasses you claimed you lost during this incident.


_____            _____
G. Savala                                              DATE  12-14-06
Correctional Lieutenant

12-22-06

64

STATE OF CALIFORNIA –DEPARTMENT OF CORRECTIONS AND REHABILITATION                              ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



September 18, 2007


STEPHEN, JIMMIE, C56483
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA  93409-8101



RE: IAB# 0704899    CMC-07-01434    DISCIPLINARY

Mr. STEPHEN:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

The Second Level of Review is considered the department's final action in regard to Rules Violation Reports classified as Administrative.


N. GRANNIS, Chief
Inmate Appeals Branch


65

---

**\*\*\*\*PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE\*\*\*\***

*CRS/TO*
*3rd level*

**INMATE APPEAL ASSIGNMENT NOTICE**

To: INMATE STEPHEN, C56483                              Date: August 15, 2007
Current Housing: EFAQB1F100001149X

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: CMC-E-07-01562

ASSIGNED STAFF REVIEWER:  AW A&B HOUSING
APPEAL ISSUE: PROPERTY
DUE DATE:  09/12/2007

Inmate STEPHEN, this acts as a notice to you that your appeal has been sent to the above
staff for SECOND level response.  If you have any questions, contact the above staff
member. If dissatisfied, you have 15 days from the receipt of the response to forward
your appeal for THIRD level review.  Third level appeals are to be mailed directly to:

> Chief of Inmate Appeals
> Department of Corrections
> P. O. Box 942883
> Sacramento, CA  94283-0001

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

66