pages 1-15

no

JIMMIE STEPHEN
#C-56483 / A-1149
PO BOX 8101
SAN LUIS OBISPO, CA 93409-0001

FILED
08 MAR 28 PM 12:56
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Court of United States District
State of California - Northern

CASE # CV-07-6379-JW (PR)

JIMMIE STEPHEN - M. "BELTON"
Plaintiff

v.

R. "HERNANDEZ"
et al Defendants

"Suppressed Documents"
"Willfully"

Plaintiff for "Good Cause" Request
"Supplement #2".. FRCP #15..

1.. See Count #3 of "Complaint" as to "Plaintiff Belton".
2.. "Documents" of 12-16-05 Willfully Denied until 3-21-08"

Plaintiff Stephen Hereby Request to "Supplement #2 for "Good Cause" No Prejudice to Defendants in CV-07-6379-JW in U.S.D.C. Northern based upon "Willful" and "Malicious" "Withholding" Documents for "Access to Court" and "Due Process of Law". Denied. Withheld "31" months "Willfully".
"Ngo v Woodford" 126.Sct.2378 (2006). Exhaustion of Remedies as mandatory."
Plaintiff States under "Warden Hernandez" Rights to "Access" "Due Process" Denied. Infringed. Willfully. "Maliciously".
"Exhibit #1 & 2 & 3..

1

Exhibit #1-3

under "LIRA v HERRERA" 427. F3d. 1164 (9th 2005)..
All unexhausted claims dismissed but exhausted claims can proceed..

Write-up of 8-8-05 Refers to Plaintiff "Belton". (Count #3)

"Witholding Grievances"
of 12-16-05..
"Recieved 3-21-08.."

Exhibit #1..

In Appeal # RJD-3-05-01607 Due 11-28-05 the Appeals Coordinator "Cota" Munoz willfully denied access to "2nd Level completed Appeal" by AW Warden "Almoskus" Dated 12-16-05 willfully. From Incident of 8-8-05..

As Aforementioned "Grievance" of 12-16-05 "Stolen" from Plaintiff "Legal. Confidential mail" when sending to 3rd Level after "Decision to "Reissue and Rehear" All Due Process Denied. Recieved 3-21-08 by "Lloyd" CCI..

Exhibit #2..

On 5-16-07 Counselor "Oshiro" of CMC did willfully excess Plaintiff "60 Days" for Write-up of 8-8-05 as under "DOM # 54100.18.3" this is Prohibited..

Exhibit #3..

Over "31 months" have passed since order of 12-16-05 "No Rehearing" Held.. Appeal must be "Granted" in full as 115 is "Void". by Pattern. Custom. Policy..

Pages #3-18..

"Copy of "Entire Order" and Grievance Enclosed"..

"Relief Requested"

1.. "Granting" of "Supplement #2" Forthwith..
2.. And "Other Relief by this court"

Date 3-24-08      True against Fraud or Perjury
                  Signature [signed]

2

EXHIBIT #1

Copy of entire Appeal of 8-8-05 with "Order" to "Re-Issue" "Rehear" Dated 12-16-05 as to Plaintiff "Belton"..

All Rights Denied..

Due Process Denied Stated in Order of 12-16-05..

As Acts of 12-16-05 Show "ongoing" Pattern by Hernandez, Cota, and Munoz to deprive of Rights of Access by Grievance, ect..

Pattern Custom. Policy..

Exhibits #1-3..

STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONAL AGENCY                                      ARNOLD SCHWARZENEGGER, Governor

DEPARTMENT OF CORRECTIONS
RICHARD J. DONOVAN CORRECTIONAL FACILITY
P.O. Box 799006
San Diego, CA  92179-9006



0163

April 25, 2005

Mr. Jimmie Stephen
C-56483
F3-13-105U

Dear Mr. Stephen:

I am in receipt of four Inmate/Parolee Appeals (CDC forms 602) as listed below:

- May 26, 2004, requesting half-time credits be applied retroactively to 1989;
- June 4, 2004, requesting family visits, adult magazines, etc.;
- June 10, 2004, regarding Inmate Trust Account Statements;
- August 27, 2004, requesting to see an Optometrist.

Your documentation has been forwarded to the Appeals Coordinator for review. As you are aware, an inmate under the jurisdiction of the California Department of Corrections (CDC) who feels that any departmental decision, action, condition, or policy which they can demonstrate has an adverse effect upon their welfare may submit an Inmate/Parolee Appeal (CDC form 602) seeking relief from the adverse condition. The CDC has a procedure established by law to process the request for grievance up to the Director's level of review.

If you have any questions or need additional information, please contact the Appeals Office via institutional mail.

Sincerely,

ROBERT J. HERNANDEZ
Warden

cc:    A. Cota, Appeals Coordinator

3A

## INMATE APPEAL ROUTE SLIP

To: F3                                                                                    Date: October 17, 2005

From: INMATE APPEALS OFFICE

14-129

Re: Appeal Log Number  RJD-3-05-01607  By Inmate  STEPHEN, C56483

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue: DISCIPLINARY
Due Date: 11/28/2005
Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.


J. T. Stovall
Inmate Appeals Coordinator
R.J. Donovan Correctional Facility

MCMAHAN

DATE:                November 16, 2005

NAME:                — STEPHEN, J.

CDC:                 C-56483

APPEAL #:            05-1607              SECOND LEVEL REVIEW

APPEAL DECISION:     PARTIALLY GRANTED

APPEAL ISSUE:        You are appealing a Serious CDC-115 Rules Violation Report (RVR), Log No. F3-05-410, dated August 8, 2005, in which you were found guilty of violating California Code of Regulations (CCR) Title 15, Section 3005(a) Conduct: Stalking. You contend that the charge of Stalking was not substantiated, the Mailroom Supervisor violated procedure by opening an envelope marked "Legal Mail", a conflict of interest existed with the Senior Hearing Officer (SHO) and that you were not provided a copy of the letter intercepted by the Mailroom Supervisor and turned over to the Security and Investigations Unit.

Specifically, you request a "conflict of interest be declared" against the SHO, Correctional Lieutenant R. Shelar and that the RVR be dismissed.

APPEAL RESPONSE:     In reaching a decision on this matter, a thorough review of your appeal and the attached documentation was conducted. Applicable sections of the CCR were also reviewed. Additionally, on November 16, 2005, you were interviewed by Lt. D. McMahan regarding your appeal. During the interview you reiterated the statements in your appeal and presented no further evidence or information.

Mr. Stephen, a review of the processing of your CDC-115 indicates all time constraints were met, but there appears to be a due process issue in that you were not provided a copy of the handwritten letter you allegedly wrote to Correctional Officer Belton, which was intercepted by Mailroom Supervisor J. McNeil. During the hearing the SHO acknowledged the letter was unavailable, but stated it was not considered as evidence in the hearing. However, item #1 of the SHO's Findings makes direct reference to the letter and its contents as part of the culpatory evidence. Additionally, the letter is referenced by multiple witnesses in the Investigative Employee's Report and appears to be the key link between you, the log which was subsequently discovered in your cell and the Stalking charge. Therefore, you were entitled to a copy of that letter prior to your hearing.

Your claim that the Mailroom Supervisor violated procedure by opening an envelope marked "Legal Mail" is without merit. The term "Legal Mail" applies to correspondence between inmates and attorneys. The envelope in question was an interdepartmental "U-Save-Em" envelope addressed to a staff member. You also failed to show that a conflict of interest resided in the SHO. Finally, the issue of whether or not the charge of Stalking can be substantiated is moot in that a new hearing will be ordered for the RVR.

STEPHEN, J. #C-56483
Appeal Log #05-1607 –
Page 2

Your request that a "conflict of interest be declared" against the SHO and that the RVR be dismissed is denied. However, the RVR is ordered Re-issued/Reheard to comply with due process concerns. Therefore, your appeal is PARTIALLY GRANTED at this Second Level of Review.

*[signature]*

S. ARMOSKUS
Chief Deputy Warden

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT                                                                 [ 410 ]

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | (1) | | RJDCF | 13-105U | F3-05-410 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR 3005(a) CONDUCT | STALKING | UNit #13 | 08/08/05 | 13:30 |

CIRCUMSTANCES

On Tuesday, August 8, 2005, at approximately 1330 hours, the Investigative Services Unit (ISU) concluded an investigation into Inmate STEPHEN's, J., C-56483, F3-13-105U, stalking Correctional Officer M. Belton. On August 5, 2005, the ISU received a handwritten letter that was intercepted by Mailroom Supervisor J. McNeil. The letter was inside of a U SAVE 'EM envelope addressed to Officer Belton. Inmate STEPHEN's states in the letter that he is in love with Officer Belton. Included in the U SAVE 'EM envelope was a second U SAVE 'EM envelope addressed to Inmate STEPHEN himslef, and the letter contained instructions for Officer Belton not to include her name in her response and he would be able to identify her letter by the included self-addressed envelope. ISU Officer, Correctinal Officer R. Billingsley and I conducted a search of Inmate STEPHEN's Cell F3-13-105. During the search, Officer Billingsley discovered a chronological log when Officer Belton worked Housing Unit 13 and her demeanor towards him when she did. As a result, Inmate STEPHEN was rehoused in the Administrative Segregation Unit (ASU). Inmate STEPHEN is aware of this report.
MHSDS: CCCMS

REPORTING EMPLOYEE (Typed Name and Signature): A. VASQUEZ, Correctional Officer   DATE: 8-15-05   ASSIGNMENT: S & I "A", ISU   RDO'S: S/S/H

REVIEWING SUPERVISOR'S SIGNATURE: J. N. CLARKE, Sergeant   DATE: 8-16-05

☒ INMATE SEGREGATED PENDING HEARING   DATE: 08/09/05   LOC. F2-06-118L

CLASSIFIED:
☐ ADMINISTRATIVE
☒ SERIOUS
OFFENSE DIVISION: E(7)   DATE: 8-16-05
CLASSIFIED BY: J.W. DRESBACH, Facility Captain
HEARING REFERRED TO: ☐ HO ☒ SHO ☐ SC ☐ FC

COPIES GIVEN INMATE BEFORE HEARING
☒ CDC 115   BY: (STAFF'S SIGNATURE)   DATE: 9/16/05   TIME: 1210   TITLE OF SUPPLEMENT: N/A
☐ INCIDENT REPORT LOG NUMBER: N/A

HEARING
Inmate issued copies of copies of all documents; including envelopes, signatures, etc; this date: 9/15   Issued by: [signature]   Time: 11[--] hours.

Inmate STEPHEN appeared before this Senior Hearing Officer (SHO) on 9-15-05 at 1940 hours and was in good health. He received all pertinent copies 24 hours prior to this hearing. All charges were read to him and he was prepared to proceed. He is a MHSDS participant at the CCCMS level of care. STAFF ASSISTANT: Not assigned per CCR 3315(d)(2)(A)1,2,3. INVESTIGATIVE EMPLOYEE: C/O Diaz was assigned and her report was taken into consideration.
WITNESSES: None requested for this hearing. INMATE PLED: NOT GUILTY, stating, "It ain't mine, the log might be mine because I have a case against Sgt. Clarke. I was keeping track of who he put in my building to set me up."
FINDINGS: GUILTY of CCR 3005(a) CONDUCT, Specifically: STALKING (Behavior which endangers another person), based on: th
. The RVR, authored by C/O Vasquez, dated 8-8-05, which states in part; that on 8-5-05, the Investigative Services Unit (ISU) received a handwritten letter which was intercepted by Mailroom Supervisor J. McNeil. The letter was in a U-Save-Em envelope addressed to C/O Belton. Inmate STEPHEN states in the letter that he is in love with C/O Belton. ISU Officer Billingsley and I conducted a search of Inmate STEPHENs cell F3-13-105. During the search Officer Billingsley found a chronological log when C/O Belton worked H/U #13 and her demeanor towards him when she di

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA   HEARING CONTINUED ON pART-C   page 1 of 2

ACTION BY: (TYPED NAME): R.J SHELAR, nLieutenant   SIGNATURE: [signature]   DATE: 9-15-05   TIME: 1940

REVIEWED BY: (SIGNATURE): J. W. DRESBACH, Facility Captain   DATE: 9-20-05
CHIEF DISCIPLINARY OFFICER'S SIGNATURE: B. OLIVERO, Associate Warden   DATE: 9-26-05

COPY OF CDC 115 GIVEN INMATE AFTER HEARING   BY: (STAFF'S SIGNATURE)   DATE   TIME

DC 115 (7/88)

7

| STATE OF CALIFORNIA | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|
| RULES VIOLATION REPORT - PART C | | | | PAGE 2 OF 2 |
| CDC NUMBER: C-56483 | INMATE'S NAME: STEPHEN, J. | LOG NUMBER: F3-05-410 | INSTITUTION: RJDCF | TODAY'S DATE: 9-13-05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER

IE (continues).............

**STAFF WITNESS STATEMENT:** Mailroom Supervisor, J. McNeil: "On 8-5-05, while performing my duties as the Institutions Mailroom Supervisor, I intercepted a handwritten letter in a U SAVE 'EM envelope addressed to C/O Belton. I called Correctional Sgt. J. Clarke of the Investigative Service Unit (ISU) briefly explaining to him of the letter I intercepted in the Mailroom addressed to C/O Belton. I explained to Sgt Clarke I did not want to talk to him over the phone and preferred talking to him in person. During my meeting with Sgt. Clarke, I turned over the U SAVE 'EM envelope and the letter addressed to C/O Belton to him."

**INMATE STEPHEN, J., C-56483 has the following questions for Mailroom Supervisor J. McNEIL:**

Q: "What did you do when you received the letter?"
A: "I called the Squad."

Q: "Who was present at the time the letter was found or opened?"
A: "No one."

Q: "Was the alleged victim present when the letter was opened?"
A: "No."

Q: "What did the envelope contain?"
A: "A letter in a U SAVE 'EM and another U SAVE 'EM with her name on the return envelope."

Q: "Was there any markings, or other names on the envelope than the victim C/O Belton?"
A: "Her first initial and her last name."

**INMATE STEPHEN had the following questions for ISU Officer A. Vasquez:**

Q: "What did you do when the letter was received?"
A: N/A.

Q: "Who was present at the time the alleged letter was found?"
A: N/A

Q: "Was the alleged victim present when the letter was opened?"
A: "No."

Q: "What did the envelope contain?"
A: "A letter in a envelope."

Q: "Was there any markings or names other than victim?"
A: "Yes."

COPY of IE Issued to I/M by: _____ Date: _____ Time: _____

| | SIGNATURE OF WRITER: M. Diaz, Correctional Officer | DATE SIGNED: 9-13-05 |
|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

8

CDC 115-C (5/95)   OSP 99 25082

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. (1) | 3005(a) | 8/08/05 | RJDCF | F3-05-410 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. — INMATE'S SIGNATURE: N/A — DATE:

☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. — INMATE'S SIGNATURE: N/A — DATE:

DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION: N/A

☐ I REVOKE my request for postponement. — INMATE'S SIGNATURE: — DATE:

## STAFF ASSISTANT

STAFF ASSISTANT ☐ REQUESTED ☐ WAIVED BY INMATE — INMATE'S SIGNATURE: — DATE:
☐ ASSIGNED DATE: NAME OF STAFF:
☐ NOT ASSIGNED REASON:

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE ☒ REQUESTED ☐ WAIVED BY INMATE — INMATE'S SIGNATURE: *James Stephen* — DATE: 9-16-05
☒ ASSIGNED DATE: 9-7-05 NAME OF STAFF: M. DIAZ, CORRECTIONAL OFFICER
☐ NOT ASSIGNED REASON:

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

**INVESTIGATIVE REPORT:** Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 9-7-05, at approximately 1045 hours, I informed Inmate STEPHEN, CDC# C-56483 that I was a fact finder for the Senior Hearing Officer and my function was to gather pertinent information, question staff and/or inmates, and submit a written report. Inmate STEPHEN stated he understood my position as the Investigative Employee and had no objection to my assignment.

**DEFENDANT'S STATEMENT:** Inmate STEPHEN, J., C-56483: "I'm not guilty, it was not mine."

**REPORTING EMPLOYEE'S STATEMENT:** "On 8-8-05, the Investigative Services Unit (ISU) concluded an investigation into Inmate STEPHEN, J., C-56483, F3-13-105U, stalking C/O Belton. On 8-5-05, the ISU received a handwritten letter that was intercepted by Mailroom Supervisor J. McNeil. The letter was inside of a U SAVE 'EM envelope addressed to C/O Belton. Included in the U SAVE 'EM envelope was a second U SAVE 'EM envelope addressed to Inmate STEPHEN himself, and the letter contained instructions for C/O Belton not to include her name in her response and he would be able to identify her letter by the included self-addressed envelope. ISU Officer R. Billingsley and I conducted a search of I/M STEPHEN's Cell F3-13-105. During our search, we discovered a chronological log when C/O Belton worked in H/U #13 and her demeanor towards him when she did. As a result, we placed I/M STEPHEN in Ad-Seg. This concludes my statement."

COPY OF IE Issued to I/M by: _____ Date: _____ Time: _____

M. Diaz, Correctional Officer
INVESTIGATOR'S SIGNATURE: _____ DATE: 9-10-05

☒ CONTINUED on PART-C  page 1 of 2
☒ COPY OF CDC 115-A GIVEN INMATE — BY (STAFF'S SIGNATURE): _____ TIME: 1200 DATE: 9-16-05

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

OSP 03 74845

9

STATE OF CALIFORNIA  DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C  PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-56483 | STEPHEN, J. | F3-05-410 | RJDCF | 9-20-05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER

Hearing (continues)......

Findings (continue)......

2. The I.E Report which reiterates the statements in the RVR.

3. Inmate STEPHEN's statement during the hearing that the log was his.

4. The Chronological log I/M STEPHEN maintained dating back to at least 12-25-03, in which he details specific dates when Officer Belton was assigned to Fac.3, his conversation and other interactions with her on those dates, and her response to him or toward him.

NOTE: The letter referred to in the RVR which alerted ISU Staff to I/M STEPHEN's activities regarding Officer Belton was not available at the time of the hearing, and I/M STEPHEN was not supplied a copy of it. The SHO also was not provided a copy of this letter, and therefore, it was not considered as evidence in this hearing. I/M STEPHEN's was established as the author of the chronological log by his statements during the hearing, specifically; "The log might have been mine. I have a case against Sgt. Clarke. I was keeping track of who he put in my building to set me up." Inmate STEPHEN's claim to have been keeping track of the staff assigned to his building is not credible in that he did not note any other staff names, nor did he make daily entries. His entries were specific to C/O Belton and the dates she was assigned to work Fac.3. In the hearing I/M STEPHEN stated the entries only referred to the subject as "B" and claimed that the entries were not about C/O Belton, but were about another person by the name of "Bonner". The name Bonner appears on an undated page in the log, however on that same page I/M STEPHEN's has made an entry listing his housing as D4-228, clearly not a bed number for the RJDCF, and written a statement that he is "scheduled to go to Donovan soon." Also, there are no C/O's of that last name who were employed at RJDCF during the time frame of the log. When asked by this SHO who Bonner was, I/M STEPHEN was evasive and merely stated "some person." This SHO therefore deems this statement not credible.

Taken together, the aforementioned evidence constitutes a preponderance of evidence, which supports a finding of Guilty of CCR 3005(a) Conduct, Specifically; Stalking (Behavior which endangers another person).

DISPOSITION: Assessed 60 days Time Credit forfeiture for a Division E-7 offense.
Assessed 60 days Loss of Privileges from 9-15-05 thru 11-14-05 to include no family visits, evening dayroom/yard, special purchases, quarterly packages, nor non-emergency calls.
Reprimanded and counseled that this type of behavior will not be tolerated.
Refer to Classification for program/housing review.
The inmate was advised he would receive a final copy of this report after audit by the Chief Disciplinary Officer, and of his appeal rights per CCR 3084.1; and further advised of the credit restoration and disciplinary-free period requirements per CCR 3327/3328.

| SIGNATURE OF WRITER R.J SHELAR, Correctional Lieutenant | DATE SIGNED 9-15-05 |
|---|---|
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)  OSP 99 25082

10

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region "3.084.7"  1. 05-1607  Category 1

2. _____  2. _____  67

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Jimmie Stephen   NUMBER: C56483   ASSIGNMENT: AD-S9   UNIT/ROOM NUMBER: 7-146

A. Describe Problem: On 9-15-05 found "Guilty" by "Lt Shelar" without alleged "Letter" "Envelope" front no back to show legal mail sealed by staff as front of letter states confidential, legal mail, to be alleged employee and opened, by J. McNeil without the victim presence ect., this evidence covered-up deprived plaintiff of documentary evidence to prove innocence. Rights deprived "Wolff v McDonnell" 418, US, 539 (1977)

If you need more space, attach one additional sheet. Title 15 Art 5658, 2932, 3335, 3320-L, PC5054..

B. Action Requested: (1) Conflict of Interest declared against Lt Shelar as prejis intention exist and he know of by plaintiff, conflict of interest. (2) 115 is invalid as evidence doesn't show statement of I'm in love ect. (3) Dismissal of 115..

Inmate/Parolee Signature: Jimmie Stephen   Date Submitted: 9-20-05

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____   Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim   CDC Appeal Number: _____

115 # F3-05-410..

11

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                                          Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: OCT 17 2005   Due Date: NOV 28 2005

☐ See Attached Letter

Signature: _____ Date Completed: 11/23/05
Warden/Superintendent Signature: _____ Date Returned to Inmate: NOV 29 200_

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to:   Director of Corrections
                                                      P.O. Box 942883
                                                      Sacramento, CA 94283-0001
                                                      Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter                                                  Date: _____

CDC 602 (12/87)

12

ON 9-15-05 I Plantiff Jimmie Stephen was found "Guilty" by "Lt Shelar" of "stalking" officer "M. Belton" a "Potential Witness" in case #84-0064-CIC.. As elements of "Stalking" was not met or "Cannot be met".. As "No Deceitful" nor "Criminal Purpose" shown by alleged log.. Neither is there a "Victim".. Nor charge of "Stalking" in Title 15..

"Cause of Action"

This action alleged began on 8-5-05 by a "J. McNeil" of mailroom supervisor, whom has violated "Federal Laws" by "maliciously opening" properly marked "Legal mail" As shown by "Lt Shelar" as evidence used for Guilt on 9-15-05.. and "suppressing" Letter, Envelope, for "Defense".

"Victim"

There is "No Victim" in this matter or an "intent" to "Harass" "to Stalk" or "Complaint" by Victim. If name "Bonner" or "Belton" documents are referring too..

Conflict of Interest

① "McNeil" gave alleged "Letter", "Envelope", ect to "Sgt Clarke" a "Defendant in CIC-84-0064.. Conflict Exist.
② "Lt Shelar" Hearing officer of 9-15-05 pending Lawsuit and 13 others being "Held by Court" because present Lawsuit against their "Attorney" the "Attorney General" Office for filing false documents". Conflict Exist
"Entire Case Contaminated"
True against fraud or perjury

Date 9-19-05
Signature: Jimmie Stephen

13

# Exhibit #2

Copy of memo from Counselor "Lloyd" Dated 3-21-08 of Reviewing these Documents

STATE OF CALIFORNIA
**OFFICE MEMO**
STD. 100 (REV. 4-95)

DATE 3/21/08

TO: Stephens

FROM: D. Lloyd CCI

SUBJECT:

FYI —

I you need something like this — JUST SUBMIT AN INMATE REQUEST — It's much faster (#1) and Appeals would have rejected it — telling you to submit a Request to your counselor. —

I checked your desciplinary section & could not find the "re-issued/re-heard 115 for this case. If this did not happen you must submit your appeal to RJD not CMC — RJD did not comply w/ the mod order.

95 28511

15

# Exhibit #3

Copy of "Legal Status" dated 6-14-07 adding "60" days to appeal of 8-8-05 for "Recall and Rehearing" of 12-16-05..

    This act by counselor "Oshiro" is illegal under DOM #54100.18.3..

    Page #2 states 60 days found in audit of 6-14-07..

16

```
 CDC NUMBER     | NAME                                         | ETHNIC | BIRTHDATE
 C56483         | STEPHEN,JIMMIE,EARL          1149X           | BLA    | 07/18/1952
```

ACA STEPHENS,JIMMIE
ACA STEPHENS,JIMMIE,EARL

```
 TERM STARTS   | LIFE TERM STARTS     MIN ELIGIBLE PAROLE DTE
 04/22/1991    | 10/09/2001           10/09/2011
```

|                                                              | PAROLE PERIOD |
BASE TERM 15/00 + ENHCMNTS  20/00 = TOT TERM  35/00 TO LIFE | LIFE

PRE-PRISON + POST SENTENCE CREDITS
CASE       P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019   P2931 POST-SENT  TOT

A714077     674                                   336               11    1021

PC296 DNA COMPLETED                                **INMATE COPY**
NOTIFICATION REQUIRED PER P3058.6

DOC. HEARING:     /         DEFENSE ATTORNEY:    KESSEL, A.
INIT. HEARING: 09/2010      INVESTIGATING AGENCY:  PD/LA


RECV DT/ COUNTY/     CASE      SENTENCE DATE                    CREDIT    OFFENSE
CNT      OFF-CODE    DESCRIPTION                                CODE      DATE

CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
4/22/1991   LA   A714077        4/10/1991
                 03 P667.5(B)  PPT-NV                            1
                 03 P667(A)    01 PFC SERIOUS                    1
01 P187 2ND      MURDER 2ND                                      32   06/06/1989
                 (O)WPN
                 12022.5 USE                                     1


                        BEGINNING    CREDIT     TOTAL     TOTAL       NET
IWTIP WAIVER            BALANCE      APPLIED    LOST      RESTORED    TOTAL
 DATE
04/22/1991              0            2537       360       270         2447

CREDITS AUTO RE-VESTED PER PC-2934 :     5

                                                  RULE      VIOL
TRAN                                                        CAT    DAYS
TYPE    DATE        END DATE     LOG NUMBER       NUMBER

WCL    01/26/1993                 0193B49         3005(B)    F      30
WCL    08/25/1993                 0893D066        3005(B)    F      30
WCL    02/14/1995                 0295D041        3005(B)    F      30
WCL    04/28/1995                 0495D080        3005(C)    B     150
WCG    04/22/1991   12/31/1996                                     916

            ****** CONTINUED ******                                     17

| CDC NUMBER | NAME |
|---|---|
| C56483 | STEPHEN, JIMMIE, EARL |

| | | | | | | |
|---|---|---|---|---|---|---|
| WCL | 02/21/1997 | | A97020035 | 3012 | F | 30 |
| WCR | 06/19/1997 | | 0193B49 | | | 30 |
| WCR | 06/19/1997 | | 0893D066 | | | 30 |
| WCR | 06/19/1997 | | A97020035 | | | 30 |
| WCR | 03/24/1999 | | 0495D080 | | | 150 |
| WCG | 01/01/1997 | 12/31/1999 | | | | 981 |
| WCG | 01/01/2000 | 09/30/2001 | | | | 639 |
| WCG | 09/30/2001 | 09/30/2001 | ADJ | | | 1 |
| WCL | 08/08/2005 | | F305410 | 3005(A) | E | (60) |
| WCL | 10/04/2006 | | F206567 | 3005(B) | F | 30 |
| WCR | 04/24/2007 | | F206567 | | | 30 |

**INMATE COPY**

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | DAYS ASSESS | LOST | REST | DEAD |
|---|---|---|---|---|---|---|---|---|
| CON | 02/01/1983 | | ******BEG BAL****** | | | | | |
| ADD | 11/19/1982 | | A623116 | | | | | |
| ADD | 12/21/1984 | | A755003 | | | | | |
| ADD | 04/22/1991 | | A714077 | | | | | |
| ADD | 04/22/1991 | | A714077 | | | | | |

CURRENT PC BALANCE:  457            CURRENT BC BALANCE:  1370

*60 day WCL not previously entered found during Audit*

18

Jimmie Stephen C56483
A-1149
P. O. Box 8101
San Luis Obispo, California
93409-8101

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

UNITED STATES POSTAGE
$00.92
02 1M
0004247478    MAR 26 2008
MAILED FROM ZIP CODE 93401

United States District Court
450 Golden Gate Ave
San Francisco, California